United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLY L. SHACKELFORD,<br><br>    Petitioner,<br><br>    v.<br><br>BRIAN DUFFY, Warden,<br><br>    Respondent. | Case No. 14-cv-03025-DMR (PR)<br><br>**ORDER GRANTING *IN FORMA PAUPERIS* STATUS AND DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED** |

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also filed a motion for leave to proceed *in forma pauperis*. This action has been assigned to the undersigned Magistrate Judge.

Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment. Appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3).

On July 2, 2014, Petitioner consented to magistrate judge jurisdiction in this matter. It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1.  Petitioner's application to proceed *in forma pauperis* is GRANTED.

2.  The Clerk of the Court shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, as well as the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a

copy of this Order on Petitioner at his current address.

3. Within **twenty-eight (28) days** of the issuance of this Order, Respondent shall complete and file the Magistrate Judge jurisdiction consent form to indicate whether he consents or declines to proceed before the assigned Magistrate Judge.  Respondent is free to withhold consent without adverse consequences.  If Respondent consents to a Magistrate Judge's jurisdiction, this case will be handled by the undersigned Magistrate Judge.  If Respondent declines, the case will be reassigned to a District Judge.  Whether Respondent consents or declines to proceed before the assigned Magistrate Judge, the parties shall abide by the briefing schedule below.

4. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

5. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

6. Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  As directed above, at the time Respondent files any motion to dismiss, he shall also submit a completed Magistrate Judge consent form.  If Respondent files a motion to dismiss, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and Respondent shall file with the Court

and serve on Petitioner a reply within fourteen (14) days of receipt of any opposition.

7. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within **sixty days** of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

9. Brian Duffy, the current warden of the institution where Petitioner is being housed, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: October 31, 2014

DONNA M. RYU
United States Magistrate Judge

P:\PRO-SE\DMR\HC.14\Shackelford3025.OSC&grantIFP.docx

3