IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE SHACKELFORD,<br><br>    Petitioner,<br><br>  v.<br><br>BRIAN DUFFY, Warden,<br><br>    Respondent.<br>_____/ | No. C-14-3025 TEH (PR)<br><br>ORDER OF DISMISSAL |

On July 2, 2014, Petitioner filed the present pro se petition for writ of habeas corpus along with an application seeking leave to proceed in forma pauperis (IFP). The action was initially assigned to Magistrate Judge Donna M. Ryu who, by Order entered October 31, 2014, granted Petitioner leave to proceed IFP and directed Respondent to show cause why the petition should not be granted. Doc. #7. The action was reassigned to the undersigned after Respondent declined magistrate judge jurisdiction.

Petitioner filed a previous petition for writ of habeas corpus with this Court, challenging the same conviction and sentence. See Case No. C 96-20785 JW (PR). The Court denied the first petition on the merits on May 26, 1999. The Court finds the present petition is a second or successive petition attacking the same conviction and sentence as Petitioner's prior federal habeas petition. A successive petition may not be filed in this court unless Petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this Court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A). Petitioner has not sought or obtained such an order from the United States Court of Appeals for the Ninth Circuit. Even if Petitioner has new claims, he must still obtain the necessary authorization under Section 2244(b) from the United States Court of Appeals before he may proceed. The petition is accordingly DISMISSED without prejudice to refiling if Petitioner obtains the necessary order.

That portion of Judge Ryu's October 31, 2014 Order directing Respondent to show cause why the petition should not be granted is hereby VACATED. That portion of the Order granting Petitioner leave to proceed IFP shall remain in effect.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed

2

1 to make a substantial showing that a reasonable jurist would
2 find this Court's denial of his claim on procedural grounds
3 debatable or wrong.  See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484
4 (2000).  Consequently, no certificate of appealability is
5 warranted in this case.
6         The Clerk shall enter judgment and close the file.

8         IT IS SO ORDERED.

10 DATED    *12/02/2014*              /s/ Thelton E. Henderson
                                     **THELTON E. HENDERSON**
11                                   **United States District Judge**

23 G:\PRO-SE\TEH\HC.14\Shackelford 14-3025 Dismiss.wpd

**United States District Court**
For the Northern District of California

3